OPINION OF THE COURT
Memorandum.
*702 In these three commercial cases brought to recover common charges for the years 1994, 1995 and 1996, respectively, defendant’s pretrial request for discovery of documents possessed by plaintiff was denied by the court (see, UCCA 1804-A). At trial, plaintiff’s counsel introduced into evidence some of the documents sought by defendant. In addition, the court ruled that it would not entertain defendant’s counterclaims on the ground that they were equitable in nature and not properly before it.
In the case of Fein v Nuccio (NYLJ, Dec. 14, 2000, at 31, col 5), the Appellate Term for the Second and Eleventh Judicial Districts affirmed an order which transferred a small claims case to the regular part of the Civil Court under the authority of section 1805 (b) of the New York City Civil Court Act. The court held that:
“In this small claims action to recover a ‘legal’ fee for services rendered, the court below determined that the time that would be required to determine the issues being presented would take up too much of the time allotted for ‘small claims’ determinations and that the case would be better suited for the regular part of the court.
“This is not a case that is being transferred merely because plaintiff, an attorney, is appearing pro se and defendant, an attorney, is also being represented by counsel (see, Loren v Francis, 163 Misc 2d 598, 599 [App Term, 2d & 11th Jud Dists]). This case was properly transferred because the issues being raised involve attorney-client privilege, legal ethics and possible fee-splitting. Moreover, this Court is of the opinion that discovery procedures will be relevant to this proceeding.” (Id.)
The rationale of the case of Fein v Nuccio applies particularly well to the commercial claims cases at bar. The issues being raised — business judgment rule, validity of the revised or amended bylaws, forgery and perjury — are not generally the subject of a commercial claims action. The court should have transferred the cases to a part of the court that is more suited to resolving such complex legal and factual issues. Substantial justice is not served by denying discovery and by attempting to *703 truncate the trial of these issues. Accordingly, the matters are transferred to the regular part of the City Court to afford full discovery and for a determination of all pending claims and counterclaims (see, UCCA 1805-A [b]).
Floyd, P.J., Doyle and Coppola, JJ., concur.