*93 OPINION OF THE COURT
Per Curiam.
Order, dated March 11, 2004, reversed, without costs, plaintiffs motion granted, and matter remanded for such further proceedings as may be appropriate.
Plaintiff commenced this small claims action in January 2004 to enforce a New Jersey judgment in the amount of $819 issued against defendant after trial in December 2003. Plaintiff failed to appear at the initial trial date of the small claims action and promptly moved to vacate his default several weeks later. Plaintiff demonstrated entitlement to the vacatur relief requested below, upon his showing of a reasonable excuse for his nonappearance (plaintiff alleges that he was elsewhere in the courthouse at the time that the case was called) and his submission of a copy of the New Jersey judgment sought herein to be enforced. We find no authority for the court’s action in “markfing] off calendar” plaintiffs meritorious motion.
Our decision to allow this plaintiff the opportunity to pursue his enforcement efforts in the Small Claims Part should not be read as an unconditional endorsement of the suitability of that forum for the adjudication of full faith and credit issues in default cases involving sibling state judgments within the monetary jurisdictional ceiling of CCA 1801. Issues, not here raised, concerning the jurisdiction of the rendering court are not the usual fare of a small claims action and, depending on the particular circumstances presented, may be more appropriately litigated in the regular part of the Civil Court “that is more suited to resolving such [potentially] complex legal and factual issues.” (Pawling Lake Prop. Owners Assn. v McGoorty, 190 Misc 2d 701, 702 [2001].)
Suarez, P.J., Davis and Schoenfeld, JJ., concur.